NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 7 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY, | No. 19-55249 |
| Plaintiff-counter-defendant-Appellee, | D.C. No. 2:17-cv-07762-PSG-GJS |
| v. | |
| COMPUTER SCIENCES CORPORATION, a Nevada corporation, | MEMORANDUM* |
| Defendant-Appellant, | |
| CSC AGILITY PLATFORM, INC., FKA Servicemesh, Inc., a Delaware corporation, | |
| Defendant-counter-claimant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted May 5, 2020**
Pasadena, California

Before: M. SMITH, BADE, and BRESS, Circuit Judges.

_____

&ast;  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

&ast;&ast;  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Computer Sciences Corporation and CSC Agility Platform, Inc. (collectively, "CSC") appeal the judgment entered by the district court in favor of Scottsdale Insurance Company in this insurance coverage dispute. We have jurisdiction under 28 U.S.C. § 1291, we review the grant of summary judgment de novo, *Padfield v. AIG Life Ins. Co.*, 290 F.3d 1121, 1124 (9th Cir. 2002), and we vacate and remand.

1.  In its summary judgment ruling, the district court afforded Question 8 of the insurance renewal application its "ordinary meaning." In doing so, the district court rejected CSC's expert testimony regarding trade usage as "arguably irrelevant under California law." CSC contends that this constituted error, and we agree.

CSC's expert, who is described as an expert on insurance policies covering technology start-ups, testified that, "[i]n the context of underwriting a D&O policy for a technology start-up, 'contemplating being acquired' is a term we use to mean 'actively considering an offer to buy the company.'" He further opined that "a technology start-up cannot be 'contemplating being acquired' without a term sheet or concrete offer to purchase 'the Company' that can be 'actively considered.'" CSC argues that this testimony constitutes evidence of trade usage in the technology start-up industry. We agree with CSC that the trade usage evidence could be relevant. *See* Cal. Civ. Code § 1644 ("The words of a contract are to be

2

understood in their ordinary and popular sense . . . unless a special meaning is given to them by usage, in which case the latter must be followed."); *Ermolieff v. R.K.O. Radio Pictures*, 122 P.2d 3, 6 (Cal. 1942) ("[W]hile words in a contract are ordinarily to be construed according to their plain, ordinary, popular or legal meaning, as the case may be, yet if in reference to the subject matter of the contract, particular expressions have by trade usage acquired a different meaning, and both parties are engaged in that trade, the parties to the contract are deemed to have used them according to their different and peculiar sense as shown by such trade usage."); *S. Pac. Transp. Co. v. Santa Fe Pac. Pipelines, Inc.*, 88 Cal. Rptr. 2d 777, 785-86 (Ct. App. 1999).

Accordingly, we remand for the district court to consider CSC's trade usage argument under the foregoing legal standards. We express no opinion as to the merits of the argument, namely, whether the parties in fact intended the phrase "contemplate transacting any mergers or acquisitions" to have a particular trade usage meaning, *see, e.g.*, *Wolf v. Superior Court*, 8 Cal. Rptr. 3d 649, 663 (Ct. App. 2004), and, if so, the nature of that particularized meaning. The district court on remand may consider allowing the parties the opportunity for additional briefing on these questions in determining whether there is a genuine issue of material fact under the proper legal standards.

2. We decline to address the parties' arguments regarding Question 7.

The district court may address these arguments in the first instance should the need arise.

3.    The district court did not err by concluding as a matter of law that ServiceMesh's answer to Question 8 was material.[1] CSC's own expert testified that the answer to Question 8 was material, and Scottsdale's underwriter described the many ways in which a "yes" answer to Question 8 may have affected Scottsdale's underwriting decision.  Furthermore, under California law, "[t]he fact that the insurer has demanded answers to specific questions in an application for insurance is in itself usually sufficient to establish materiality as a matter of law." *LA Sound USA, Inc. v. St. Paul Fire & Marine Ins. Co.*, 67 Cal. Rptr. 3d 917, 924 (Ct. App. 2007) (quoting *Thompson v. Occidental Life Ins. Co.*, 513 P.2d 353, 360 (Cal. 1973)).

4.    The district court properly rejected CSC's waiver defense.  Under California law, "[a]n insurer waives information about a material fact where it neglects to make inquiry about material facts *distinctly implied* from other facts that had been revealed." *Colony Ins. Co. v. Crusader Ins. Co.*, 115 Cal. Rptr. 3d 611, 619 (Ct. App. 2010) (emphasis added).  Here, Scottsdale knew only that

---

[1] Although we vacate the grant of summary judgment, we address the propriety of the district court's rulings on materiality, waiver, and estoppel "in case the same issues arise on remand." *United States v. Mancuso*, 718 F.3d 780, 796 (9th Cir. 2013).

ServiceMesh was involved in merger discussions in October 2013 and was acquired in November 2013. These facts did not distinctly imply that ServiceMesh was in acquisition discussions in June 2013, when ServiceMesh submitted the application. Waiver, therefore, does not apply.

5. The district court also properly rejected CSC's estoppel defense. Under California law, "where an insurer has actual knowledge that answers in an application were false, the insurer may be estopped from arguing it was defrauded." *Id.* at 618. Here, Scottsdale did not know that ServiceMesh's answers were false. Thus, estoppel does not apply.

**VACATED AND REMANDED.** Each party shall bear its own costs on appeal.